**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| TAKHARA SMITH | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | NO.  1:22-cv-05566-RPK-CLP |
| ALL CAPITAL MOTORS, INC., and WESTLAKE | : | |
| SERVICES, LLC d/b/a WESTLAKE FINANCIAL | : | |
| SERVICES, | : | **JURY TRIAL OF TWELVE DEMANDED** |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT WESTLAKE SERVICES, LLC d/b/a WESTLAKE**
**FINANCIAL SERVICES TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE**
**DEFENSES, CROSS-CLAIMS AND JURY DEMAND**

Defendant, Westlake Services, LLC d/b/a Westlake Financial Services (hereinafter "Westlake"), by and through its attorneys, Lavin, Cedrone, Graver, Boyd & DiSipio, hereby responds to Plaintiff's Complaint as follows:

**As To Introduction**

1.     This paragraph does not contain an allegation to which a response is required. Plaintiff's Complaint is a writing that speaks for itself.  Westlake denies any and all liability to Plaintiff.

**As To Parties**

2.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.

3.     Denied.  The allegations in this paragraph refer to parties other than Westlake and, therefore, no response is required.

1

4.      Denied.  The allegations in this paragraph refer exclusively to parties other than Westlake and, therefore, no response is required.

5.      Denied.  The allegations in this paragraph refer exclusively to parties other than Westlake and, therefore, no response is required.

6.      Denied as stated.  Westlake is a consumer finance company engaged in the business of purchasing and servicing motor vehicle retail installment sales contracts with a principal place of business in Los Angeles, California.

7.      Admitted.

8.      Admitted.

9.      Denied.  These allegations constitute conclusions of law to which no response is required.

**As To Jurisdiction And Venue**

10.     Denied.  These allegations constitute conclusions of law to which no response is required.

11.     Denied.  These allegations constitute conclusions of law to which no response is required.

12.     Denied.  These allegations constitute conclusions of law to which no response is required.

13.     Denied.  These allegations constitute conclusions of law to which no response is required.

14.     Denied in part, admitted in part.  It is admitted that Westlake conducts business in the State of New York.  The remaining allegations constitute conclusions of law and refer to parties other than Westlake and, therefore, no response is required.

## As To Facts

15.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.

16.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.

17.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.

18.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.

19.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

20.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  These allegations also refer to Plaintiff's state of mind and exclusively to parties other than Westlake and, therefore, no response is required.

21.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations

are denied and strict proof thereof is demanded.  These allegations also refer to Plaintiff's state of mind and exclusively to parties other than Westlake and, therefore, no response is required.

22.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

23.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

24.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

25.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

26.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

27.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.   These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

28.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.   These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

29.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  These allegations also refer to Plaintiff's state of mind and exclusively to parties other than Westlake and, therefore, no response is required.

30.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.   These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

31.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  The Retail Installment Contract referenced herein was not attached to Plaintiff's Complaint.  Further, Plaintiff has failed to provide any account number, vehicle identification number for the 2016 Nissan Maxima or any other identifier for either the account or the vehicle and, therefore, Westlake unable to determine what if any involvement it has or had with the vehicle or Plaintiff.

32.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.   These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

33.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.   These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

34.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.   These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

35.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  These allegations also refer to Plaintiff's state of mind and, therefore, no response is required.

36.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.   These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

37.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations

are denied and strict proof thereof is demanded.  These allegations also refer to Plaintiff's state of mind and exclusively to parties other than Westlake and, therefore, no response is required.

38.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded. The "Disclosures" referenced herein was not attached to Plaintiff's Complaint.

39.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.

40.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.  The "Disclosures" referenced herein was not attached to Plaintiff's Complaint.

41.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  The "Disclosures" referenced herein was not attached to Plaintiff's Complaint.

42.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

43.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.   These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

44.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.   These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

45.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  These allegations also refer to Plaintiff's state of mind and exclusively to parties other than Westlake and, therefore, no response is required.

46.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.   These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

47.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.   These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

48.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations

are denied and strict proof thereof is demanded.  These allegations also refer exclusively to parties other than Westlake and, therefore, no response is required.

**As To Count I**
**Truth In Lending Act Violations by ACM and Westlake Financial**

49.     Westlake incorporates herein by reference its responses to all facts and allegations contained in Plaintiff's Complaint as if said responses are fully set forth at length herein.

50.     Denied.  This allegation constitutes conclusions of law to which no response is required.

51.     Denied.  This allegation constitutes conclusions of law to which no response is required.

52.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations and, therefore, said allegations are denied and strict proof thereof is demanded.  The allegations in this paragraph also refer exclusively to parties other than Westlake and, therefore, no response is required.

53.(a)-(d), inclusive.  These allegations refer exclusively to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.

54.     Denied.  These allegations refer exclusively to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.

55.     Denied.  To the extent that the allegations in this paragraph are directed to Westlake, it is denied that Westlake "added hidden finance charges that were not disclosed" either as alleged in Plaintiff's Complaint or in any other manner whatsoever.  Westlake did not sell any vehicle to Plaintiff and was not present at the point of sale.  It is further denied that Westlake prepared any Retail Installment Sales Contract for Plaintiff's purchase of a vehicle

and/or that any conduct attributable to it was intentional and/or willful, either as alleged in Plaintiff's Complaint or any other manner whatsoever.

56.    Denied.   To the extent that the allegations in this paragraph are directed to Westlake, it is denied that it violated the Truth in Lending Act ("TILA") as alleged in Plaintiff's Complaint or in any other manner whatsoever.   These allegations also constitute conclusions of law to which no response is required.

57.    Denied.   These allegations refer exclusively to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.   If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same.

58.    Denied.   To the extent the allegations in this paragraph are directed to Westlake, it is denied that Westlake is engaged in the business of advertising motor vehicles.   As to the remaining allegations, they constitute conclusions of law to which no response is required. If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same.

59.    Denied.   These allegations constitute conclusions of law and no response is required.   If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same.

## As To Count II
## Fair Credit Reporting Act Violation by ACM and Westlake Financial

60.    Westlake incorporates herein by reference its responses to all facts and allegations contained in Plaintiff's Complaint as if said responses are fully set forth at length herein.

61.    Denied.

62.    Denied.   These allegations refer exclusively to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.

63.     Denied.  These allegations refer exclusively to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.

64.     Denied.  To the extent that the allegations in this paragraph are directed to Westlake, it is denied that it violated the Fair Credit Reporting Act ("FCRA") as alleged in Plaintiff's Complaint or in any other manner whatsoever.  It is denied that any conduct attributable to Westlake was "willful", either as alleged in Plaintiff's Complaint or in any other manner whatsoever.  These allegations also constitute conclusions of law to which no response is required.  If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same. It is specifically denied that Plaintiff is entitled to punitive damages from Westlake.

65.     To the extent that the allegations in this paragraph are directed to Westlake, it is denied that it violated the Fair Credit Reporting Act ("FCRA") as alleged in Plaintiff's Complaint or in any other manner whatsoever.  It is denied that any conduct attributable to Westlake was "negligent", either as alleged in Plaintiff's Complaint or in any other manner whatsoever.  These allegations also constitute conclusions of law to which no response is required.  If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same.

66.     Denied.  These allegations constitute conclusions of law and no response is required.  If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same.

**As To Count III**
**Equal Credit Opportunity Act Violation by ACM and Westlake Financial**

67.     Westlake incorporates herein by reference its responses to all facts and allegations contained in Plaintiff's Complaint as if said responses are fully set forth at length herein.

68.     Denied.

69.     Denied.  These allegations refer exclusively to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.

70.     Denied.  These allegations refer exclusively to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.

71.     Denied.  To the extent that the allegations in this paragraph are directed to Westlake, it is denied that it violated the Equal Credit Opportunity Act ("ECOA") as alleged in Plaintiff's Complaint or in any other manner whatsoever.  These allegations also constitute conclusions of law to which no response is required.  If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same. It is specifically denied that Plaintiff is entitled to punitive damages from Westlake.

72.     Denied.  These allegations constitute conclusions of law and no response is required.  If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same.

**As To Count IV**
**Declaratory Relief against ACM and Westlake Financial**

73.     Westlake incorporates herein by reference its responses to all facts and allegations contained in Plaintiff's Complaint as if said responses are fully set forth at length herein.

74.     Denied.  To the extent the allegations in this paragraph are directed to Westlake, it is denied that Westlake is engaged in the business of advertising motor vehicles.  As to the remaining allegations, they constitute conclusions of law to which no response is required. If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same.

**As To Count V**
**Common Law Fraud against ACM and Westlake Financial**

75.     Westlake incorporates herein by reference its responses to all facts and allegations contained in Plaintiff's Complaint as if said responses are fully set forth at length herein.

76.     Denied.  These allegations refer exclusively to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.

77.     Denied.  These allegations refer exclusively to parties other than Westlake, refer to Plaintiff's state of mind and constitute conclusions of law and, therefore, no response is required.

78.     Denied.  These allegations refer exclusively to parties other than Westlake, refer to Plaintiff's state of mind and constitute conclusions of law and, therefore, no response is required.

79.     Denied. These allegations refer exclusively to parties other than Westlake, refer to Plaintiff's state of mind and constitute conclusions of law and, therefore, no response is required.

80.     Denied.  These allegations refer exclusively to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.

81.     Denied.  To the extent the allegations in this paragraph are directed to Westlake, it is denied that Westlake is engaged in the business of advertising motor vehicles.  As to the remaining allegations, they constitute conclusions of law to which no response is required. If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same.

82.     Denied.  These allegations constitute conclusions of law and no response is required.  If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same.

**As To Count VI**
**Violations of New York General Business Law §§ 349 and 350 by ACM and**
**Westlake Financial**

83.     Westlake incorporates herein by reference its responses to all facts and allegations contained in Plaintiff's Complaint as if said responses are fully set forth at length herein.

84.     Denied.   These allegations constitute conclusions of law and no response is required.

85.     Denied.   These allegations constitute conclusions of law and no response is required.

86.     Denied.   These allegations constitute conclusions of law and no response is required.

87.     Denied.  These allegations refer exclusively to parties other than Westlake, refer to Plaintiff's state of mind and constitute conclusions of law and, therefore, no response is required.

88.     Denied.  These allegations refer exclusively to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.  If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same.

89.     Denied.  These allegations refer exclusively to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.

90.     Denied.  These allegations refer exclusively to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.   If Plaintiff sustained any injuries, damages or losses, Westlake denies any and all liability for same.

91.     Denied.

92.     Denied.   These allegations constitute conclusions of law and no response is required.  If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same.

93.     Denied.  To the extent the allegations in this paragraph are directed to Westlake, they constitute conclusions of law and no response is required.  If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same.

### As to Prayer for Relief

**WHEREFORE**, defendant Westlake Services, LLC d/b/a Westlake Financial Services denies that Plaintiff is entitled to any judgment against it or any of the  relief sought in his Complaint, including but not limited to, any declaratory judgment or damages, including but not limited to actual damages, statutory damages and/or punitive or exemplary or treble damages, or reasonable attorneys' fees, civil penalties, expenses, court costs, refunds, any injunctive relief, rescission, any costs or any other relief and defendant Westlake Services, LLC d/b/a Westlake Financial Services demands judgment in its favor and against Plaintiff on all claims asserted in his Complaint, together with costs of suit, attorney's fees and/or any other relief deemed appropriate by this Honorable Court.

### Affirmative Defenses

1.     Plaintiff has failed to state a cause of action upon which relief can be granted.

2.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, waiver, estoppel, *res judicata* or unclean hands.

3.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or by the statute of frauds.

4.     The claims set forth in the Complaint may barred by accord and satisfaction or by virtue of a release.

5.      The alleged losses, claims and damages suffered by the Plaintiff were caused by the acts or omissions of Plaintiff or other parties over which defendant had no control or right of control.

6.      Plaintiff may have failed to timely and/or properly issue and serve the Summons and Complaint.

7.      Westlake did not violate any legal duty owed by it to the Plaintiff.

8.      Westlake did not violate or breach any statutory obligations or breach any contractual obligation(s) expressed, implied and/or arising by operation of law.

9.      Any conduct allegedly causing liability on the part of Westlake was not an actual cause or a proximate cause of Plaintiff's alleged injuries, damages and/or losses.

10.     The injuries, damages and/or losses allegedly sustained by Plaintiff may have been caused entirely by, or contributed to by, the fraudulent or negligent acts and omissions of individuals and entities other than answering defendant which constitute intervening, superseding causes and/or constitute tortuous inference with a contract.

11.     Westlake generally denies each and every allegation contained in Plaintiff's Complaint as it relates to its alleged liability.

12.     Plaintiff, entities and/or other persons not in the control of Westlake may be responsible for the destruction and/or spoliation of evidence resulting in prejudice to defendant in its ability to prepare a defense to claims asserted against it in this lawsuit.

13.     Plaintiff's claims may be preempted in whole or in part by federal and/or state statutes and regulations.

14.      Plaintiff may have failed to mitigate her alleged damages.

15.     Westlake did not act wantonly, maliciously, willfully, fraudulently or negligently.

16.     Plaintiff may have failed to provide Westlake with proper notices as required under the Uniform Commercial Code.

17.     Any contract(s) provided speak for themselves and Westlake hereby pleads the terms, conditions and any limitations contained in said contract(s) and that they were properly limited, disclaimed, excluded or modified.

18.     Plaintiff's Complaint fails to state a cause of action for punitive damages against Westlake.

19.     The imposition of punitive damages violates the United States Constitution and the Eighth Amendment guarantee against excessive fines.

20.     The imposition of punitive damages violates the Due Process Clause and the Equal Protection Clause of the United States Constitution and the Constitution of the State of New York.

21.     Notwithstanding the fact that Westlake claims punitive damages are inapplicable, it avers that the evidence relative to punitive damages shall not be admissible in the compensatory damages proceedings and that a secondary trial/proceeding be conducted to determine whether punitive damages are to be awarded if a jury should award compensatory damages.

22.     Notwithstanding that Westlake claims punitive damages are inapplicable, if the trier of fact determines, in a secondary trial, that punitive damages should be awarded, then a third proceeding should be conducted to determine the amount of said damages.

23.     Plaintiff's claims may be barred, in whole or in part, by her repudiation of contractual obligations.

24.     Plaintiff's claims may be barred, in whole or in part, due to impossibility of performance.

25.     Plaintiff's claims may be barred, in whole or in part, for justification and under the equitable theories of equitable estoppel and/or quantum merit.

26.     Westlake may not be the holder in due course of the retail installment contract for the involved vehicle.

27.     Westlake pleads the arbitration clause in any applicable retail installment contract for the involved vehicle.

28.     Plaintiff may not have standing to bring the instant lawsuit because she failed to comply with the arbitration clause in the retail installment contract for the involved vehicle.

29.     Westlake pleads that it acts and practices complied with the rules and regulations of, and the statutes administered by, the federal trade commission or any official department, division, commission or agency of the United States as such rules, regulations or statutes as interpreted by the federal trade commission or such department, division, commission or agency or the federal courts.

30.     Westlake pleads all defenses and limitations available to it under the Truth in Lending Act, 15 U.S.C. §1601 *et seq*., including but not limited those set forth in §1640(b)-(d) and §1641.

31.     Westlake pleads the dealer agreement and/or assignment contract that has been executed by defendant, All Capital Motors, Inc. and states that such agreement(s) eliminates or diminishes the alleged liability of Westlake.

32.     Plaintiff's claims are barred because any alleged representations or conduct on the part of Westlake were made in good faith and were not intended to deceive Plaintiff.

33.    Westlake reserves the right upon completion of investigation and discovery to file such additional affirmative defenses, crossclaims or counterclaims as may be appropriate.

34.    To the extent Plaintiff's claims are based on fraud or fraudulent misrepresentation, such claims are barred because she has not pointed to any alleged representations and actions of Westlake that were material or otherwise likely to mislead consumers acting reasonably under the circumstances nor has she pointed to any alleged representations or actions of Westlake that did or were likely to either affect Plaintiff's decisions or to any conduct that proximately and/or actually caused her to act differently which is attributable to Westlake.

35.    Plaintiff's claims against Westlake are barred because any alleged conduct or actions on the part of Westlake was in good faith or was the result of a bona fide error.

36.    The damages allegedly suffered by Plaintiff were caused, in whole or in part, or exacerbated by her own negligence, fraudulent, improper, unlawful and/or culpable conduct or omissions and, accordingly, her claims are therefore barred or diminished in the proportion that such conduct or omissions bears to the total culpable conduct causing the alleged damages.

37.    Plaintiff may have failed to exercise ordinary care, caution, or prudence to avoid the damages complained of, and that such damages, if any, were directly and proximately contributed to and caused by her.

38.    Plaintiff may have breached the contract with Westlake and Westlake has been excused of its duties to perform all obligations set forth in said contract.

39.    Westlake did not, intentionally or unintentionally, make any fraudulent or false representations to Plaintiff or omit any material facts

**WHEREFORE**, defendant Westlake Services, LLC d/b/a Westlake Financial Services denies Plaintiff is entitled to any judgment against it for any damages in any amount and/or for attorney's fees, interest and/or costs and defendant Westlake Services, LLC d/b/a Westlake Financial Services demands judgment in its favor and against Plaintiff on all claims asserted in Plaintiff's Complaint together with costs of suit, attorney's fees and other relief deemed appropriate by this Honorable Court.

### Defendant Westlake Services, LLC d/b/a Westlake Financial Services' Cross-Claims Against Defendant, All Capital Motors, Inc.

**Count I – Contribution & Indemnification**

1.      Westlake hereby incorporates by reference, without admission or adoption, all well pled averments in Plaintiff's Complaint and directs them to defendant, All Capital Motors, Inc.

2.      Westlake hereby incorporates by reference herein its Answer to Plaintiff's Complaint with Affirmative Defenses.

3.      With liability being expressly denied, if Plaintiff suffered damages as alleged in her Complaint, these damages were caused solely by the fraudulent, negligent and careless acts and/or omissions of defendant, All Capital Motors, which is alone liable, solely liable, jointly and/or severally liable and/or liable over to defendant Westlake.

4.      If defendant Westlake is held liable to Plaintiff for all or part of such losses or damages that he may have suffered, defendant All Capital Motors, Inc. is liable to defendant, Westlake by way of contribution and indemnity, either by way of contract, common law or otherwise.

**WHEREFORE**, defendant Westlake Services, LLC d/b/a Westlake Financial Services demands judgment in its favor and against Plaintiff and defendant, All Capital Motors, Inc.

together with attorney's fees, costs of suit, and any other relief deemed appropriate by this Honorable Court.

## Demand For Jury Trial

Pursuant to Fed.R.Civ.Pro. 38, Westlake Services, LLC d/b/a Westlake Financial Services demands a trial by a jury of twelve members.

**LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO**

Date:   February 15, 2023

By:     s/ *Francis F. Quinn*

Francis F. Quinn, Esquire
420 Lexington Avenue
Graybar Building – Suite 335
New York, NY 10170
Telephone: (212) 319-6898
Facsimile: (212) 319-6932
fquinn@lavin-law.com
*Attorneys for Defendant,*
*Westlake Services, LLC d/b/a*
*Westlake Financial Services*

## CERTIFICATE OF SERVICE

I, Francis F. Quinn, Esquire, counsel for defendant, Westlake Services, LLC d/b/a Westlake Financial Services, do hereby certify that on the 15th day of February, 2023 I served a true and correct copy of Defendant Westlake Services, LLC d/b/a Westlake Financial Services Answer to Plaintiff's Complaint with Affirmative Defenses, Cross-Claims and Jury Demand on the following counsel of record and unrepresented parties in the manners identified:

Brian L. Bromberg, Esquire
Bromberg Law Office, P.C.
352 Rutland Road #1
Brooklyn, New York 11225
*Attorneys for Plaintiff*
*Via ECF*

Jeremy M. Iandolo, Esquire
J. Iandolo Law, P.C.
7621 13th Avenue
Brooklyn, New York 11228
*Attorney for Defendant,*
*All Capital Motors, Inc.*
*Via ECF*

**This pleading was electronically filed using the ECF system and is available for downloading and viewing from the ECF system.**

/s/ *Francis F. Quinn*
Francis F. Quinn, Esquire